UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANGE 2 POKE LLC; R2P ONE LLC; and R2P TWO LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>LEMONSHARK FRANCHISING, LLC, a California Limited Liability Company; DEMAND BRANDS GROUP LLC, a California Limited Liability Company; TOBI MILLER, an individual; RICHARD S. GOTTLIEB, an individual; ALTON KLEIN, an individual; JAMES KRIEGER, an individual; MARIA L. WINN, an individual; and Does 1-5,<br><br>Defendants. | Case No. 8:22-cv-00949-SPG-ADS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF NO. 21]** |

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 21). Plaintiffs oppose. (ECF No. 24). The Court has read and considered the matters raised with respect to the motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Defendants' motion.

## I. BACKGROUND

Plaintiffs Range 2 Poke, LLC, R2P One LLC, and R2P Two LLC (together, "Plaintiffs") are Ohio-based corporations. (ECF No. 16 ("FAC")). On February 3, 2020, Plaintiffs entered into franchise agreements for poke restaurants with Defendants Lemonshark Franchising, LLC, and Demand Brand Group, LLC. (*Id.* ¶ 31). In addition to Lemonshark and Demand, Plaintiffs have named as defendants the following individuals: Tobias Miller, president of Lemonshark and Demand; Richard J. Gottlieb, chief executive officer of Lemonshark and Demand; James Krieger, chief operating officer of Lemonshark and Demand; Maria L. Winn, director of franchise sales of Lemonshark and Demand; and Alton Klein, vice president of design and construction for Demand (together with Lemonshark and Demand, "Defendants"). (*Id.* ¶¶ 9–13).

Plaintiffs allege from August 2019 to February 2020 Defendants solicited Plaintiffs with offers for the sale of franchises. (*Id.* ¶ 32). Plaintiffs allege the offers were deliberately incomplete and understated the total investment necessary to operate a Lemonshark poke restaurant. (*Id.*). As part of Defendants' solicitation efforts, they shared franchise disclosure documents ("FDD") with Plaintiffs in 2019. (*Id.* ¶ 27, 28). Plaintiffs allege that Defendants knew the actual cost to operate a franchise was approximately 70% higher than the estimates they disclosed in the FDDs Defendants shared with Plaintiffs. (*Id.* ¶¶ 33, 35, 36). To show Defendants knew the estimates were deceptively low, Plaintiffs point to other FDDs that Defendants filed in California on May 8, 2020, approximately three months after the parties entered into their franchise agreement. (*Id.* ¶ 83).

Plaintiffs commenced this case on May 9, 2022, (ECF No. 1), and filed the operative FAC on May 26, 2022. (ECF No. 16). The FAC asserts claims for (1) fraud (2) negligent misrepresentations; (3) violation of the California Franchise Investment Law ("CFIL"); (4) recission; (5) breach of contract; and (6) unfair competition. Defendants moved to dismiss the FAC on July 7, 2022. (ECF No. 21 ("Mot.")). Plaintiffs opposed on September

28, 2022, (ECF No. 24 ("Opp.")), and Defendants replied on October 6, 2022. (ECF No. 32 ("Reply")).

## II. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). When ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citing *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

## III. DISCUSSION

### A. Dismissal of Plaintiffs' Third Claim Under California Franchise and Investment Law is Warranted

Plaintiffs' third claim broadly alleges violations of the CFIL. Although Plaintiffs have not alleged the specific section(s) upon which their CFIL claim is based, the Court presumes based on Plaintiffs' allegations that they bring claims under both California Corporations Code section 31300, which prohibits misleading misrepresentations and omissions made in registered documents,[1] and section 31301, which prohibits all other types of misrepresentations.[2] As is relevant here, section 31105 exempts franchisors from registration if the franchise offer or sale is "to a resident of another state" and "all locations from which sales, leases or other transactions between the franchised business and its customers are made, or goods or services are distributed, are physically located outside [California]." Plaintiffs are based in Ohio and purchased "three franchisees located in Columbus, Ohio and surrounding areas." (FAC ¶¶ 1, 4). Each of their restaurants is located in Ohio. (*Id.* ¶¶ 98, 106, 125). As such, Plaintiffs' franchise locations are "physically located outside" California, and Defendants are thereby exempt under section 31105 from filing their FDDs in California or otherwise disclosing a California-filed FDD with Plaintiffs.

---

[1] Section 31300 creates a private right of action for violations of sections 31200, which provides: "It is unlawful for any person willfully to make any untrue statement of a material fact in any application, notice or report *filed with the commissioner under this law*, or willfully to omit to state in any such application, notice, or report any material fact which is required to be stated therein, or fail to notify the commissioner of any material change as required by Section 31123." (Emphasis added).

[2] Section 31301 creates a private right of action for violations of Section 31201, which provides: "It is unlawful for any person to offer or sell a franchise in this state by means of any written or oral communication not enumerated in Section 31200 which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading."

1. Section 31300

Plaintiffs argue that section 31105's exemption cannot shield Defendants from liability under section 31300 for misrepresentations "contained in their registered documents given to out-of-state franchisees." (Opp. at 15). Plaintiffs rely on *Samica Enterprises, LLC v. Mail Boxes Etc.*, 637 F. Supp. 2d 712 (C.D. Cal. 2008) for support. In *Samica*, the defendants argued that, because plaintiffs were non-California franchisees, plaintiffs could *only* bring claims arising under section 31201. *Id.* at 724. The plaintiffs argued section 31105 exempts franchisors from registering offerings made to out-of-state residents but does not impact the CFIL's antifraud provisions. *Id.* at 725. The court agreed with plaintiffs and found that, "while section 31105 exempts Defendants from registering applications which contain [FDDs] (section 31114), and from producing [FDDs] to out-of-state franchisees (section 31119), it does not shield them from liability for misrepresentations *found in registered documents* that they voluntarily produce to out-of-state franchisees—and upon which those franchisees rely to their detriment." *Id.* at 725. In other words, plaintiffs may state a claim under section 31200 for misrepresentations found in registered documents that defendants produced and upon which the plaintiffs relied. *Id.* at 726.

Defendants do not dispute that Plaintiffs could bring a claim under section 31200, which involves liability for misleading statements contained in filed documents, if the FDDs provided to Plaintiffs pre-sale were in fact filed. However, Defendants argue that only section 31201 applies—not section 31200—because it is apparent from the FAC, and the exhibits incorporated therein, that the reference FDDs provided to Plaintiffs before signing their franchise agreements were *not filed*. (Mot. at 20-22). The Court agrees. Plaintiffs allege they received and relied on only two similar versions of Defendants' reference FDDs: one on August 3, 2019 (FAC ¶ 27) and the second on December 10, 2019 (*id.* ¶ 28). Plaintiffs attached copies of both documents as exhibits to their Complaint, which the Court considers as incorporated by reference into the Complaint. (FAC, Exs. 1 & 2 (together, the "Unfiled FDDs")). However, Plaintiffs do not allege those reference

FDDs were filed in California. Nor can they. Both reference FDDs plainly indicate they were registered only in Illinois, not California. (FAC, Ex. 1 at 6; Ex. 2 at 6). In contrast, Plaintiffs allege Defendants filed a separate reference FDD in California on May 8, 2020, for a franchise other than Plaintiffs' franchise locations. (FAC ¶¶ 83, 100, Ex. 3 (the "Filed FDD")). In the FAC, Plaintiffs cite that Filed FDD as a reference to demonstrate how various representations Defendants made in the Unfiled FDDs provided to Plaintiffs differ from representations Defendants made in the subsequently discovered Filed FDD. (FAC ¶ 83 (the "estimate by Defendants as relied on by Plaintiff was intentionally understated based on Defendants' May 8, 2020" Filed FDD)). Plaintiffs contend that, had Defendants provided "the costs estimates in their California filing of May 14, 2020, those estimates would have allowed Plaintiffs to make an informed decision as to whether or not to franchise the three locations." (Opp. at 9).

Plaintiffs do not dispute that they relied only on the Unfiled FDDs.[3] (Opp. at 7-12). Instead, they claim the Filed FDD is "materially identical to the one provided to Plaintiffs." (*Id.* at 10). However, the purported similarity between the Unfiled FDDs and the Filed FDD does not matter. The fact remains that, before Plaintiffs agreed to purchase a franchise from Defendants, they relied exclusively on the Unfiled FDDs, which Defendants were permitted to share with them under section 31105's registration and disclosure exemption. Accordingly, because Plaintiffs relied exclusively on the Unfiled FDDs, the Court grants Defendants' motion to dismiss Plaintiffs' third claim under section 31300 with prejudice.[4]

---

[3] Plaintiffs allege Defendant Miller wrote to Plaintiffs that the FDD "has been audited and approved by California." (FAC ¶ 54). Plaintiffs argue this statement shows the FDD was registered in California. (Opp. at 6). However, Plaintiffs do not explain how being audited and approved by California equates to registration. Moreover, Plaintiffs concede they relied only on the Unfiled FDDs before they purchased the franchise on February 3, 2020. (FAC ¶¶ 27, 28).

[4] The Court agrees with Defendants that section 31202, which is also made actionable under section 31300, does not apply to Plaintiffs' claim. "Section 31202 prohibits a franchisor that is exempt from the section 31110 registration requirement from making

-6-

### 2. Statute of Limitations

Defendants argue Plaintiffs' third claim is time barred under California's two-year statute of limitations for actions based on untrue statements of material fact made to a franchisee outside of registered documents. (Mot. at 23-25). Plaintiffs respond that the four-year statute of limitations applies. A statute of limitations defense may be raised in a Rule 12(b)(6) motion where the defense appears from the face of the pleading, *see Jones v. Block*, 549 U.S. 199, 215 (2007), or where the defense raises no disputed issue of fact, *see Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Pursuant to California law, "[t]o determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action." *Marin Healthcare Dist. v. Sutter Health*, 103 Cal. App. 4th 861, 874–75 (2002). "The nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code." *Id*.

For the reasons discussed above, the Court finds Plaintiffs' may only state a CFIL claim under section 31201, which involves misrepresentations other than those made in filed documents. As such, Plaintiffs' claims are actionable under section 31301 and subject to section 31304's strict two-year statute of limitations—not section 31303's four-year

---

untrue statements or omitting material facts in the disclosure document provided to a potential franchisee pursuant to section 31101, subdivision (c)." *People ex rel. Dep't of Corp. v. SpeeDee Oil Change Sys.*, 95 Cal. App. 4th 709, 721 (2002). Section 31101 provides franchisors an exemption from Chapter 2's registration and notice requirements. To qualify for the exemption, franchisors must have a minimum net worth and experience, must disclose the information enumerated in subdivision (c) to a prospective franchisee, and must file a notice of exemption with the commissioner. Cal. Corp. Code § 31101. As explained above, Defendants already are exempt from Chapter 2's registration and notice requirements pursuant to section 31105's exemption for operations physically located outside of state. Moreover, Plaintiffs do not allege that Defendants satisfy the net worth or experiential requirements of section 31101 subdivisions (a) and (b), or that Defendants ever filed a notice of exemption pursuant to subdivision (d). Therefore, Plaintiffs have failed to state a claim under section 31202 as a matter of law.

statute of limitations.[5] *See, e.g.*, *Tilted Kilt Franchise Operating, LLC v. Helper*, No. CV-10-1951-PHX-DGC, 2011 WL 1526951, at *2 (D. Ariz. Apr. 22, 2011) ("A claim for violations of § 31201, therefore, must be brought within two years of the execution of the franchise agreement." (citing *People ex rel. Dep't of Corp. v. SpeeDee Oil Change Sys.*, 95 Cal. App. 4th 709, 725–26 (2002)). Plaintiffs' citation to *Full Tilt Boogie, LLC v. Kep Fortune, LLC*, No. 2:19-cv-09090-ODW (KESx), 2022 WL 3018055, at *5 (C.D. Cal. July 29, 2022) is misplaced. There, the court applied section 31303's four-year limitations period because the plaintiffs' claims were based on misrepresentations in an FDD "which had been registered with the California Department of Business Oversight." 2022 WL 3018055, at *1. Unlike in *Full Tilt*, here Plaintiffs relied on the Unfiled FDDs.

Moreover, section 31304's limitations period is "absolute" and "not subject to tolling." *G.C. & K.B. Invs., Inc. v. Komarczyk*, No. C–05–3333 MMC, 2006 WL 194268, at *3 (N.D. Cal. Jan. 23, 2006) (citing *SpeeDee Oil*, 95 Cal. App. 4th at 724–27). Indeed, once the "two-year period expires, a plaintiff's belated discovery of the fact constituting the violation cannot serve to extend the statute of limitations." *Speedee Oil*, 95 Cal. App. 4th at 727. *See also JB Bros., Inc v. Poke Bar Ga Johns Creek I, LLC*, No. 2:21-cv-01405-CBM-MRWx, 2022 WL 3012822, at *3 (C.D. Cal. June 6, 2022) ("There is no equitable tolling of either statute of limitations, no delayed accrual based on when damage was sustained or because of fraud or conspiracy, and a plaintiff's delayed discovery of the facts constituting the violation does not extend the limitations period."). Here, the parties executed their franchise agreement on February 3, 2020. (FAC ¶ 77). Given the two-year limitation period, any claim for an alleged violation of section 31201 needed to be brought by February 3, 2022. *See Tilted Kilt*, 2011 WL 1526951, at *2. Plaintiffs filed their

---

[5] Section 31303 "governs, among other things, actions alleging a franchisee's reliance on misleading statements ma*de in documents filed by the franchisor with the Commissioner of Corporations.*" *Speedee Oil*, 95 Cal. App. 4th at 718 (emphasis added). "For example, if a franchisor salesperson orally misrepresents the profitability of a proposed franchise, then the section 31304 statute of limitations can apply because the misrepresentation was not made in a document filed with the Commissioner of Corporations." *Id.* at 722.

-8-

complaint on May 9, 2022 (ECF No. 1), more than three months late. Accordingly, the Court finds Plaintiffs' third claim under section 31301 of the CFIL is time-barred by the two-year statute of limitations under section 31304. The Court dismisses Plaintiffs' third claim under section 31201 with prejudice.

### B. Dismissal of Plaintiffs' First, Second, and Sixth Claims is Warranted as they are Preempted

Defendants argue Plaintiff's first, second, fourth, and sixth claims are preempted by the CFIL, California Corporations Code section 31306. (Mot. at 18–20 (citing *Samica Enters., LLC v. Mail Boxes Etc.*, 637 F. Supp. 2d 712, 721–22 (C.D. Cal. 2008)). The Court agrees that Plaintiffs' First, Second, and Sixth Claims are preempted.

Section 31306 provides in pertinent part: "Except as explicitly provided [under the CFIL], no civil liability in favor of any private party shall arise against any person by implication from or as a result of the violation of any provision of this law or any rule or order hereunder." Cal. Corp. Code § 31306. The statute continues with a saving clause: "Nothing in this chapter shall limit any liability which may exist by virtue of any other statute or under common law if [the CFIL] were not in effect." *Id*. In *Samica*, the court interpreted section 31306 "as displacing those claims that rest on misrepresentations or omissions covered by the several provisions of the CFIL, and the saving clause merely clarifies that the CFIL does not completely preempt the field." 637 F. Supp. 2d at 721 (citing *Viva! Intern. Voice For Animals v. Adidas Prom. Retail Ops., Inc.*, 41 Cal. 4th 929, 944 (2007) ("[I]nclusion of savings clause in a statute negates field preemption")). Based on the text of section 31306, the CFIL preempts "'allegations of fraud that are based on CFIL violations,' while 'ensuring that any claims beyond the CFIL's coverage may be brought independently.'" *Full Tilt Boogie*, 2022 WL 3018055, at *5 (citing *Samica*, 637 F. Supp. 2d at 721). This Court agrees with *Samica* that this "straightforward interpretation gives meaning to both sections, reconciles any perceived inconsistency, and comports with fundamental principles of statutory construction." *Samica*, 637 F. Supp. 2d at 721; *see also Flip Flop Shops Franchise Co., LLC v. Neb*, No. CV 16-7259-JFW (EX), 2017 WL

2903183, at *8 n.7 (C.D. Cal. Mar. 14, 2017) (relying on *Samica* and section 31306 to dismiss claim for fraudulent misrepresentation as preempted by the CFIL).[6]

To determine whether Plaintiffs' allegations of fraud are based on CFIL violations, the Court turns to the text of the CFIL. Section 31200 contemplates "liability for misleading statements contained in documents filed with the Commissioner of Corporations" and "section 31201 involves misleading statements or failing to relate material facts to a franchisee other than those matters contained in documents filed with the Commissioner." *SpeeDee Oil*, 95 Cal. App. 4th at 721–22. "Thus, pursuant to section 31306, claims resting on alleged misrepresentations falling within the scope of these two sections may be raised only under the CFIL." *Full Tilt Bookie*, 2022 WL 3018055, at *5.

Plaintiffs concede that their claims related to omissions of the known estimate of costs for the three franchise restaurants and Defendants' alleged experience were stated within the FDD and are thereby preempted by the CFIL. (Opp. at 18). Plaintiffs nonetheless argue that some of their fraud, negligent misrepresentation, and fraudulent concealment claims are not preempted by the CFIL. (Opp. at 18). Specifically, Plaintiffs contend the following allegations are not preempted because they "were outside of the FDD and the Franchise Agreement: (1) that LemonShark franchisees were profitable; (2) that Plaintiffs would not be the first to open a Makai Concept Restaurant; (3) that

---

[6] Plaintiffs cite *Andersen v. Griswold Int'l, LLC*, No. 14-CV-02560-EDL, 2014 WL 12694138, at *5 (N.D. Cal. Dec. 16, 2014) for the proposition that section 31306 does not preempt preexisting common law and statutes enacted before the CFIL. However, *Andersen* appears to be an outlier and it based much of its analysis on an unpublished, non-citable California Court of Appeal decision. *Id.* Although the issue of CFIL preemption is rare, Courts in this district have uniformly followed *Samica*. *See, e.g.*, *Flip Flop Shops*, 2017 WL 2903183, at *8 n.7; *Pinkberry Ventures, Inc. v. Penninsular Grp., LLC*, No. CV13-02146 PSG (SSx), 2013 WL 12145606, at *1 (C.D. Cal. Dec. 17, 2013) (citing *Samica* and dismissing common law fraud claims as preempted pursuant to section 31306); *Full Tilt Boogie*, 2022 WL 3018055, at *5. Neither California courts nor the Ninth Circuit have weighed in. Because Plaintiffs have not offered any reason to depart from *Samica* and instead follow *Andersen*, the Court declines to do so here.

Defendants could source raw fish products; and (4) that Defendants had the ability to design and build out a restaurant facility." (*Id.*). Defendants argue these statements were all made to induce Plaintiffs to purchase a franchise purchase *before* Plaintiffs signed the Franchise Agreements on February 3, 2020. (Reply at 6).

The Court agrees with Defendants. Contrary to Plaintiffs' assertion, the Court's analysis does not end at the FDD. Section 31201 prohibits "misleading statements or failing to relate material facts to a franchisee other than those matters contained in documents filed with the Commissioner." *See SpeeDee Oil*, 95 Cal. App. 4th at 721–22. The facts of this case are like those in *Full Tilt*. There, the court found certain of the plaintiff-franchisee's claims preempted where they were premised "entirely on events occurring before it executed the [Franchise Agreement], events designed to induce Full Tilt's franchise purchase." 2022 WL 3018055, at *6. The plaintiff brought numerous claims, including fraudulent misrepresentation, fraudulent omission, and negligent misrepresentation. *Id.* at *5. Plaintiff alleged the defendants made affirmative misrepresentations to induce plaintiff to purchase the franchise and omitted required disclosures and material facts from the FDD and various communications with plaintiff. *Id.* The court found each of plaintiff's claims preempted because they "rest exclusively on alleged misrepresentations and omissions statutorily covered by the CFIL, sections 31200 and 31201." *Id. See also Flip Flop Shops*, 2017 WL 2903183, at *8 n.7 (finding claim of fraudulent misrepresentation premised on allegations regarding the prospective financial performance of the franchise and future marketing plans to be covered by the CFIL and therefore preempted).

Here, too, Plaintiffs' first, second, and sixth claims for fraud, negligent misrepresentation, and unfair competition, respectively, are premised entirely on communications allegedly designed to fraudulently lure Plaintiffs to purchase franchises. Consequently, each of these claims is preempted and may be brought only under the CFIL. The Court therefore grants Defendants' motion to dismiss Plaintiffs' first, second, and sixth claims for fraud, negligent misrepresentation, and unfair competition with prejudice.

### C. Dismissal of Plaintiffs' Fourth Claim for Rescission is Warranted

Under California law, Rescission is "*not* a cause of action; it is a remedy." *Nakash v. Superior Ct.*, 196 Cal. App. 3d 59, 70 (1987) (emphasis added). "As a result, it is improper to plead it as a freestanding claim." *Strasburger v. Blackburne & Sons Realty Cap. Corp.*, No. CV 20-00220-CJC(JCx), 2020 WL 6128223, at *7 (C.D. Cal. June 25, 2020). *See Moreno v. Citibank, N.A.*, No. C 09–5339 CW, 2010 WL 1038222, at *4 (N.D. Cal. Mar. 19, 2010) ("Because rescission is not a cause of action, the Court dismisses this claim with prejudice."); *Invisible Dot, Inc. v. DeDecker*, No. 18-cv-08168 RGK (RAOx), 2019 WL 6520522, at *4 (C.D. Cal. July 29, 2019) (dismissing rescission cause of action with prejudice). Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' fourth cause of action for rescission with prejudice.

### D. Dismissal of Plaintiffs' Fifth Claim for Breach of Contract and Covenant of Good Faith and Fair Dealing is Warranted

Plaintiffs' fifth cause of action alleges a breach of contract. (FAC ¶¶ 179–185). Plaintiffs also appear to allege Defendants breached the covenant of good faith and fair dealing. (*Id.* ¶ 181). Defendants argue Plaintiffs' fifth cause of action should be dismissed as either a claim for breach of contract or covenant of good faith and fair dealing. (Mot. at 17). Plaintiffs did not oppose or otherwise respond to Defendants' argument.[7]

---

[7] The failure to substantively oppose a motion to dismiss can be "construed as a waiver or abandonment of those issues warranting dismissal of [those] claims." *Shorter v. L.A. Unified Sch. Dist.*, No. CV 13-3198 ABC AJW, 2013 WL 6331204, at *5 (C.D. Cal. Dec. 4, 2013); *see also, e.g.*, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Without any 'overture to the district court to suggest that [the plaintiff] had a continuing interest in pursuing [a claim after the defendant filed a motion to dismiss that claim] the district court had no reason to consider the contention that the claim . . . could not be dismissed.'" (citation omitted)); *Hollywood Unlocked, Inc. v. Lifetime Ent. Servs., LLC*, No 2:20-cv-11273-MCS-RAO, 2021 WL 3265037, at *3 (C.D. Cal. Mar. 17, 2021) ("Because Plaintiffs fail to address Defendants' First Amendment arguments, the Court deems them conceded."); *Sherman v. Schneider Nat'l Carriers, Inc.*, No. CV 18-08609-AB (JCX), 2019 WL 3220585, at *5 (C.D. Cal. Mar. 6, 2019) ("The Court deems Plaintiff's failure to address this argument as conceding its merit.").

Nevertheless, out of an interest in adjudicating issues on the merits, the Court will consider whether Plaintiffs have stated a claim. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (stating one of the factors a court weighs in determining whether to dismiss for failure to oppose is the public policy favoring disposition of cases on their merits).

For Plaintiffs to prevail on their claim for breach of contract, they must prove "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011); *Yari v. Producers Guild of Am.*, 161 Cal. App. 4th 172, 182 (2008) (stating that a cause of action for breach of implied contract has the same elements as a cause of action for breach of contract). The cause of action for breach of the implied covenant of good faith and fair dealing exists to prevent one party to the contract from unfairly frustrating the other party's right to receive the benefits of the contract. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (2000). In cases such as the present one, in which the claim for breach of the implied covenant seems to be predicated upon the same facts as the claim for contract breach, the plaintiff must allege performance of her duties under the contract or excuse for nonperformance. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1369 (2010); *Goulatte v. CitiMortgage, Inc.*, No. EDCV 12–391 PSG (SPx), 2013 WL 12132060, at *2 (C.D. Cal. Feb. 27, 2013).

Even if Plaintiffs did not concede the merits of their breach of contract claim by failing to oppose Defendants' motion, the Court finds Plaintiffs have not met their burden to allege they either performed under the contract or were excused from performing. Plaintiffs make only conclusory allegations that Plaintiffs have "performed" or are "excused from performing" all of the obligations owing under the Area Development Agreement and Franchise Agreement. (FAC ¶¶ 182, 183). Plaintiffs do not, however, identify which duties they performed or which they failed to perform, or specify which conduct on the part of Defendants excused their duty to perform. Such conclusory allegations fail to satisfy federal pleading standards. *See Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, Plaintiffs have failed to allege a vital element of

their contract claims—performance or excuse from performance—and their cause of action for breach of contract and breach of the implied covenant are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' FAC. Claims one, two, three, four, and six are dismissed with prejudice, i.e., without leave to amend. Claim five is dismissed without prejudice, i.e., with leave to amend. Plaintiffs shall file an amended complaint, if any, within 14 days from the date of this Order.

**IT IS SO ORDERED.**

DATED: October 21, 2022

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE